UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **TIMMIE EPPS** | : | **CIVIL ACTION NO. 18-00098** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **DAVID WAYNE GARY** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Substitute Party and to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1) filed by the United States of America. Doc. 5. Plaintiff, Timmie Epps, has not filed an opposition to the motion.

For the reasons stated below, **IT IS RECOMMENDED** that the motion be **GRANTED** and the United States of America be substituted as the named defendant and that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

### I.
#### BACKGROUND

Plaintiff filed suit in the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana alleging that he was injured as he was walking in the street and was struck by a vehicle driven by defendant, David Wayne Gary ("Gary"). Doc. 1, att. 1. On January 25, 2018 the United States of America removed the lawsuit to this court. Doc. 1. The government maintains that Gary is an employee of the United States Postal Service and was acting within the course and scope of his employment at the time of the alleged accident. Doc. 1, p. 1, ¶ 3. It further alleges that the Federal

Tort Claims Act ("FTCA") is applicable as the exclusive remedy for negligent or wrongful acts of federal employees and that the United States is the only proper defendant under the Act. *Id.*

After removal, the government filed the motion to substitute and to dismiss that is currently before the court. The government asserts that under the FTCA the United States must be substituted as the party defendant and the plaintiff's suit should be dismissed because he has failed to properly exhaust his claim before filing suit. Plaintiff has not filed any opposition to the motion.

## II.
### LAW AND ANALYSIS

### A. *Motion to Substitute*

Under the FTCA, following certification that a federal employee was acting within the course and scope of his employment at the time of the incident out of which the claim arose, the action is deemed against the United States and "the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(1). The government attaches a declaration made by David R. Kupper, an attorney for the United States Postal Service National Tort Center, which states that Gary was a Postal Service City Letter Carrier acting within the course and scope of his employment on the date of the alleged accident. Doc. 1, att. 1, pp. 4-5. Since the government has submitted the proper certification their motion to substitute the United States in place of defendant Gary should be granted.

### B. *Rule 12(b)(1)*

A motion under Rule 12(b)(1) attacks the court's jurisdiction to hear and decide the case. Fed. R. Civ. P. 12(b)(1). The burden on such a motion lies with the party seeking to invoke the court's jurisdiction. *Rivera-Sanchez v. Reno*, 198 F.3d 545, 546 (5th Cir.1999). Lack of subject matter jurisdiction may be found based on any of the following: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by

undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001)(citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir.1996).

### C. FTCA Exhaustion Requirements

No subject matter jurisdiction exists in a suit against the federal government without a waiver of sovereign immunity. *Wagstaff v. U.S. Dept. of Educ.*, 509 F.3d 661, 664 (5th Cir.2007). One such waiver is the FTCA which provides the exclusive remedy for damages for injury, death, or loss of property "resulting from the negligent or wrongful act of omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679 (b)(1).

As the government points out, no action can be initiated against the United States for the negligent conduct of one of its employees unless the claim is first presented to the appropriate federal agency. *Life Partners Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir.2011). The FTCA provides as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omissions of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). As the Fifth Circuit has explained, [e]xhaustion of administrative remedies is a jurisdictional prerequisite to suit under the [FTCA], and absent compliance with the stature's requirement the district court [is] without jurisdiction. *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir1989).

Here, the government submitted a declaration from Kimberly Herbst, Supervisor, Tort Claims Examiner/Adjudicator with the United States Postal Service National Tort Center. Doc. 5, att 2. Herbst states that she searched the Postal Service Law Department records and the Postal Service

Tort Claim Coordinators database for evidence of a claim submitted by or on behalf of plaintiff and discovered no such claim. *Id.* Plaintiff has submitted no evidence to contest this assertion; thus he has not met his burden of showing that his FTCA claims are properly exhausted. His suit must be dismissed for lack of subject matter jurisdiction.

### III.
### CONCLUSION

For the reasons stated, it is **RECOMMENDED** that that the government's motion [doc. #5] be **GRANTED** and the United States of America be substituted as the named defendant and plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

THUS DONE this 27th day of July, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE